# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | : | No.: 4:16-CV-02022 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| LYCOMING HOUSING | : | |
| AUTHORITYand UNITED STATES | : | |
| DEPARTMENT OF HOUSING AND | : | |
| URBAN DEVELOPMENT, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### JUNE 9, 2017

Before the Court for disposition is a Report and Recommendation filed by

Magistrate Judge Joseph F. Saporito, Jr. on May 17, 2017.[1]   In this Report,

Magistrate Judge Saporito recommended that (1) Defendants U.S. Department of

Housing and Urban Development, and Lycoming Housing Authority's pending

motions to dismiss be granted; (2) Plaintiff Ronald Satish Emrit's complaint be

dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and lack

of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); and (3) the Clerk

---

[1]  ECF No. 22.

be directed to close this case.[2]  No objections to this Report and Recommendation have since been filed.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[3]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[4]  Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5]  Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

Following independent review of the record, I am satisfied that the Report and Recommendation contains no clear facial error.  In the interests of judicial economy, I will not rehash Magistrate Judge Saporito's sound reasoning and legal citation.  The Court is in full agreement that Plaintiff Ronald Satish Emrit's

---

[2]  *Id.*

[3]  28 U.S.C. 636(b)(1)(B).

[4]  28 U.S.C. 636(b)(1).

[5]  *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[6]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

Complaint has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) with

respect to Lycoming Housing Authority, lacks subject matter jurisdiction pursuant

to Fed. R. Civ. P. 12(b)(1) with respect to the U.S. Department of Housing and

Urban Development, and should be dismissed in its entirety with prejudice.[7]

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation

   (ECF No. 22) is **ADOPTED IN ITS ENTIRETY**;

2. Defendants Lycoming Housing Authority and U.S. Department of Housing

   and Urban Development's Motions to Dismiss (ECF Nos. 9 & 15) are

   **GRANTED**;

3. The Clerk of Courts is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[7] I note that, while the United States Court of Appeals for the Third Circuit has instructed that civil rights plaintiffs must be permitted a curative amendment, such amendment would in this case be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). As noted in Magistrate Judge Saporito's Report, Plaintiff has filed a myriad of cases throughout the country alleging nearly identical claims. In the cases thus far decided, Plaintiff's claims have been dismissed with prejudice against U.S. Department of Housing and Urban Development pursuant to sovereign immunity, *see Emrit v. Marion Cnty. Housing Auth.*, Civil Action No. 16-CV-01854, 2017 WL 743882, at *9 (D. Or. Feb. 23, 2017), and against local public housing agencies due to Plaintiff's failure to allege facts showing that a housing Voucher or request to be placed at the head of the waiting list was denied "because of his alleged disability." *See Emrit v. Providence Housing Auth.*, Civil Action No. 16-CV-543, 2016 WL 7639117, at *4 (D.R.I. Oct. 25, 2016)(report and recommendation), *adopted by* 2017 WL 52572 (D.R.I. Jan. 4, 2017).